UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARLA L. WOOTEN,

      Petitioner,

v.                             Case No. 8:09-cv-299-T-33EAJ

THIRTEENTH JUDICIAL CIRCUIT,
HILLSBOROUGH COUNTY, FLORIDA,
JULIANNE M. HOLT, DALTHAN McKEEVER,
MARK OBER, MICHAEL R. LENNON,

      Respondents.

_____

# **O R D E R**

Petitioner Karla Wooten, who is incarcerated in the Florida Department of Corrections on two charges of grand theft, seven charges of negotiating a mortgage loan without a license, one charge of organized fraud, and one charge of fraudulent use of an ID[1] has filed a petition for writ of prohibition and/or mandamus seeking to have this Court find that a Florida statute under which she was apparently convicted does not require a person negotiating a mortgage loan to be licensed.

### This Court Does Not Have the Requisite Mandamus Power To Provide Relief

Writs of mandamus as such have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure.[2] However, under the All Writs Statute, 28 U.S.C. § 1651, Federal Courts may issue all writs necessary or appropriate in aid of their respective jurisdictions. Title 28 U.S.C. § 1651 does not create an independent basis for

---

[1] See Department of Corrections' on-line offender synopsis of charges for which inmate was sentenced.

[2] Federal courts have jurisdiction under 28 U.S.C. § 1361 in actions in the nature of mandamus to compel officers or employees of the United States to perform their duties.

jurisdiction.  <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586 (4th Cir. 1969); <u>Ortega v. Puncinelli</u>, 444 F.2d 530 (9th Cir. 1971);  <u>Ali v. State Police of Pennsylvania</u>, 378 F. Supp. 888 (E.D. Pa. 1974).

Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available.   It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.  <u>Lamar v. 118th Judicial District Court of Texas</u>, 440 F.2d 383 (5th Cir. 1971); <u>Haggard v. State of Tennessee</u>, 421 F.2d 1384 (6th Cir. 1970); <u>Clark v. State of Washington, et al.</u>, 366 F.2d 678, 681-82 (9th Cir. 1966); <u>Dunlap v. Corbin</u>, 532 F. Supp. 183, 187 (D. Ariz. 1981), <u>aff'd</u> 673 F.2d 1337 (9th Cir. 1982); <u>Lessard v. State of Wisconsin</u>, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Analogously, this Court does not have mandamus power to provide the relief Petitioner Wooten seeks from the named Respondents.

Accordingly, the Court orders:

That Petitioner Wooten's petition for writ of prohibition and/or mandamus is denied. The Clerk is directed to enter judgment against Petitioner Wooten and to close this case.

ORDERED at Tampa, Florida, on February 20, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Karla Wooten